**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-02314-REB-BNB

R.M. INVESTMENT CO., d/b/a TRAPPERS LAKE LODGE & RESORT,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE, and
DON G. CARROLL, in his official capacity as White River National Forest Supervisor,

    Defendants.

## ORDER VACATING JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Motion to Vacate Judgment Based on Mootness** [#26], filed November 3, 2005. The plaintiff has filed a response, and the defendant has filed a reply.  I grant the motion.

FED. R. CIV. P. 59 provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment.  Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct the entry of a new judgment." Rule 60 provides that a court may relieve a party from a final judgment based on various reasons, including "newly discovered evidence which by due diligence could not have been discovered in tome to move for a new trial," that the judgment is void, or any other reason justifying relief from the operation of the judgment.  The defendant's motion is timely.

This case involved a challenge by the plaintiff to an action of a federal agency under 5 U.S.C. § 558(c), part of the Administrative Procedures Act, and related regulations.  The plaintiff challenged the procedures used by the United States Forest Service which led to the revocation of two permits held by the plaintiff.  One of he permits allowed the plaintiff to operate a lodge and resort on the White River National Forest.  This operation was known as Trappers Lake Lodge.  A related permit allowed the plaintiff to operate an outfitter guide service form the lodge.  In my order [#24], filed October 19, 2005, I set aside the Forest Service's Notice of Revocation concerning the plaintiff's permits because the Forest Service had not followed certain procedures required by law..

On October 7, 2005, twelve days before my order was issued, the plaintiff closed the sale of its property at Trappers Lake Lodge.  The sale of the plaintiff's Trappers Lake Lodge property caused its permits to be terminated by operation of law.  36 C.F.R. § 251.59.  Once the plaintiff's permits were so terminated, a decision by this court finding that the Forest Service's revocation of those permits was procedurally improper could not have an effect on the rights of the litigants in this case.  Under the APA, the plaintiff cannot assert a claim for damages based on the revocation of its permits. *Plaintiff's response* [#30], filed November 18, 2005, p. 8, n. 3.

Under these circumstances, this case became moot shortly before I entered my October 19, 2005, order.  After the termination of the permits, my order could not affect the behavior of the defendant toward the plaintiff because the permits in question no longer were in effect.  **See, e.g., Wirsching v. Colorado**, 360 F.3d 1191, 1196 (10th Cir. 2004).  After the sale of the plaintiff's Trappers Lake Lodge property, my order amounted to nothing more than a declaration that the plaintiff had been wronged by the

defendant. Such a declaration, however, can have no affect on the legal relations of the parties.

Based on the arguments advanced and the authorities cited by the defendants, I conclude that this case became moot shortly before I entered my October 19, 2005, order. I conclude that the plaintiff's arguments to the contrary are unavailing.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 60, the court's judgment [#25], filed October 20, 2005, is **VACATED**; and

2. That the plaintiff's complaint and this action are **DISMISSED** because they are moot.

Dated September 5, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**